UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOHN ROOSA** and **ASHLEY FAY**, | **COMPLAINT WITH** <u>**JURY DEMAND**</u> |
| Plaintiffs, | |
| | Case No.: 5:26-cv-199 (BJS/MJK) |
| -against- | |
| **SHANE'S EQUIPMENT SALES, LLC**, | |
| Defendant. | |

Plaintiffs, **John Roosa** ("John" or "Plaintiff") and **Ashley Fay** ("Ashley" or "Plaintiff"), by and through their attorneys, Martin A. Lynn, Esq. and The **Lynn Law Firm, LLP**, complaining of Defendant **Shane's Equipment Sales, LLC** ("Shane's Equipment" or "Defendant"), allege and respectfully show to the Court as follows:

### PARTIES

1.  At all relevant times herein, Plaintiff John Roosa was and still is a resident of the County of Onondaga, State of New York.

2.  At all relevant times herein, Plaintiff John Roosa was the operator of a 2022 Honda sedan bearing New York State license plate number CRA3605.

3.  At all relevant times herein, Plaintiff Ashley Fay was and still is a resident of the County of Onondaga, State of New York.

4.  At all relevant times herein, Plaintiff Ashley Fay was a lawful passenger in the 2022 Honda sedan bearing New York State license plate number CRA3605.

5.  Upon information and belief, at all relevant times herein, Mark S. Shidler was a resident of the State of Ohio.

1

6. At all relevant times herein, Mark S. Shidler operated a 1997 Western semi-tractor trailer bearing Ohio license plate 004E1PZ, owned and registered by Defendant, Shane's Equipment Sales, LLC.

7. At all relevant times herein, Mark S. Shidler operated the 1997 Western Semi-tractor trailer bearing Ohio license plate 004E1PZ with the knowledge, consent and permission of the owner, either expressed or implied.

8. At all relevant times herein, Mark S. Shidler was acting as an agent, servant and/or employee of Defendant Shane's Equipment sales, LLC when operating said tractor trailer.

9. At all relevant times herein, the 1997 Western semi-tractor trailer operated by Mark S. Shidler was towing a trailer.

10. Upon information and belief, at all relevant times herein, Mark S. Shidler was operating the aforementioned tractor trailer in the course of his employment with Defendant Shane's Equipment Sales, LLC.

11. Upon information and belief, at all relevant times herein, Defendant Shane's Equipment Sales, LLC was and is a domestic limited liability company organized under the laws of the State of Ohio, with its principal place of business located in Ohio.

12. Upon information and belief, Defendant Shane's Equipment owned, operated, managed, maintained, repaired and/or controlled the 1997 Western semi-tractor trailer operated by Mark S. Shidler on the date of the incident.

13. Upon information and belief, Defendant Shane's Equipment permitted, authorized, and/or entrusted Mark S. Shidler to operate the subject tractor trailer in the course of his employment, agency, and/or furtherance of Shane's Equipment's business interests.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiffs are citizens of New York, and Defendant is a citizens of Ohio.

15. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action, namely, the motor-vehicle collision occurred within this District and the plaintiffs, John Roosa and Ashley Fay reside within the District.

## FACTS

16. On or about August 07, 2025, Plaintiff Roosa was operating a 2022 Honda sedan bearing New York registration CRA3605, on Interstate 90 traveling in an easterly direction near mile marker 304.

17. At the aforesaid time and place, plaintiff Ashley Fay was a lawful passenger in said vehicle.

18. At said time and place, Mark S. Shidler was operating a 1997 Western semi-tractor trailer bearing Ohio plate 004E1PZ and towing a trailer, was traveling in a westerly direction on Interstate 90.

19. Upon information and belief, Mark S. Shidler operated the tractor trailer negligently, carelessly, and recklessly, causing the vehicle to leave the traveled portion of Westbound I-90, cross over the median and strike plaintiffs' vehicle in the eastbound lane of I-90.

20. The collision caused serious, severe and permanent personal injuries to Plaintiffs John Roosa and Ashley Fay, along with property damage and economic losses.

21. At all relevant times, Mark S. Shidler was acting within the scope of his employment with Defendant Shane's Equipment, thereby rendering Shane's Equipment vicariously liable under the doctrine of *respondeat superior* and by the virtue of NYS VTL § 388.

22. Defendant's acts and omissions, jointly and severally, were the direct and proximate cause of the collision and the resulting damages suffered by Plaintiffs.

23. Plaintiff Roosa suffered serious injuries as defined in Section 5102 of the Insurance Law of the State of New York, in that he suffered a permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevented the injured plaintiff/person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety (90) days during the one hundred eighty (180) days immediately following the subject occurrence of the injury or impairment.

24. As a result of defendant's negligence, recklessness and/or carelessness, the plaintiff Roosa, suffered serious injuries as defined in Section 5102 of the Insurance Law of the State of New York, was obliged to submit to medical care and treatment for his injures and incurred medical expenses related thereto, and has undergone severe pain and suffering, as well as permanency, all to his great damage.

25. Plaintiff Fay suffered serious injuries as defined in Section 5102 of the Insurance Law of the State of New York, in that she suffered a permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevented the injured plaintiff/person from performing substantially all of the material acts which constitute such

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

4

person's usual and customary daily activities for not less than ninety (90) days during the one

hundred eighty (180) days immediately following the subject occurrence of the injury or

impairment.

26. As a result of defendant's negligence, recklessness and/or carelessness, the plaintiff Fay,

suffered serious injuries as defined in Section 5102 of the Insurance Law of the State of New

York, was obliged to submit to medical care and treatment for her injures and incurred

medical expenses related thereto, and has undergone severe pain and suffering, as well as

permanency, all to her great damage.

### AS FOR A FIRST CAUSE OF ACTION - NEGLIGENCE AGAINST DEFENDANT SHANE'S EQUIPMENT SALES, LLC

27. Plaintiffs repeat and reallege paragraphs 1 through 26 as if fully set forth herein.

28. Defendant owed a duty to Plaintiffs and to all users of the roadway to operate said tractor

trailer with reasonable care and in compliance with New York law and applicable federal

motor-carrier regulations.

29. The aforementioned accident was caused by the negligence, recklessness and carelessness of

defendant, or defendant's employee, in that defendant: failed and neglected to observe traffic

and road conditions then and there existing; failed to keep a proper lookout for other vehicles

lawfully using the roadway; failed and neglected to keep a proper lookout and observe what

was there to be seen; was traveling too fast for the conditions then and there existing;

operated his tractor trailer at an excessive rate of speed for the conditions then and there

existing; failed to yield the right of way to the plaintiff's vehicle, which was then and there in

plain view; operated his tractor trailer in such a careless, reckless and negligent manner as to

unnecessarily and unreasonably interfere with the plaintiff's lawful use of the roadway and so

endangered the plaintiff and other users of said highway; failed to have competent and

5

responsible control of the tractor trailer; left the traveled portion of westbound I-90 and crossed into oncoming traffic on eastbound I-90; failed to give any signal or warning of his approach; failed to give any signal or warning of his intention to move into the plaintiff's lawful lane of travel; failed to bring his tractor trailer to a safe and timely stop in order to avoid the contingency complained of herein; failed to take evasive action; failed and neglected to maintain his tractor trailer under proper care and control; violated Section 1141 of the Vehicle and Traffic Law as well as other sections; failed and neglected to maintain his tractor trailer to ensure that all brakes, tires and/or safety apparatus were in proper working order; failed and neglected to exercise such care as to the particular circumstances under which the tractor trailer was being operated demanded; and otherwise operated his tractor trailer an inattentive, careless and reckless manner.

30. This action falls within one or more of the exceptions as contained in CPLR 1602.

## AS FOR A SECOND CAUSE OF ACTION – VICARIOUS LIABILITY AGAINST SHANE'S EQUIPMENT SALES, LLC

31. Plaintiffs repeat and reallege paragraphs 1 through 30 as if fully set forth herein.

32. At all relevant times, Mark S. Shidler operated the tractor trailer within the scope of his employment, agency, and/or permission of Defendant Shane's Equipment Sales, LLC.

33. Accordingly, Defendant Shane's Equipment is vicariously liable for the negligent acts and omissions of Mark S. Shidler under respondeat superior, New York Vehicle and Traffic Law, and applicable federal regulations.

34. As a direct and proximate result of defendant's negligence, Plaintiffs John Roosa and Ashley Fay suffered serious, severe and permanent personal injuries, pain and suffering, emotional distress, medical expenses, lost wages, loss of enjoyment of life, and other damages.

35. This action falls within one or more of the exceptions as contained in CPLR 1602.

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

## AS FOR A THIRD CAUSE OF ACTION – NEGLIGENCE AGAINST SHANE'S EQUIPMENT SALES, LLC

36. Plaintiffs repeat and reallege paragraphs 1 through 35 as if fully set forth herein.

37. Upon information and belief, Defendant Shane's Equipment Sales, LLC failed to adequately hire, train, supervise, instruct, and/or monitor Mark S. Shidler in the safe operation of commercial motor vehicles.

38. Upon information and belief, Defendant Shane's Equipment Sales, LLC failed to comply with required safety protocols, vehicle-maintenance standards, and federal motor-carrier regulations.

39. Such negligent acts and omissions were a substantial factor in causing the subject collision and Plaintiffs' injuries.

40. This action falls within one or more of the exceptions as contained in CPLR 1602.

## DAMAGES

41. As a direct and proximate result of Defendant's negligence, Plaintiffs John Roosa and Ashley Fay sustained:

- past and future physical pain and suffering;
- emotional distress;
- medical expenses;
- lost wages and loss of earning capacity;
- property damage;
- impairment and loss of enjoyment of life; and
- all other damages permitted under New York law and Federal Law.

## JURY DEMAND

42. Plaintiffs demand a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiffs demand judgment against Defendant, jointly and severally, as follows:

    A.   For compensatory damages in an amount to be determined at trial;

    B.   For punitive damages where permitted by law;

    C.   For pre-judgment and post-judgment interest as allowed by law;

    D.   For the costs and disbursements of this action; and

    E.   For such other and further relief as this Court deems just and proper.

Dated:   February 9, 2026
           Syracuse, New York

Martin A. Lynn, Esq.
Bar Roll No. 516925
LYNN LAW FIRM LLP
Attorneys for Plaintiff
333 W. Washington Street, Suite 100
Syracuse, NY  13202
Telephone:  (315) 474-1267
Email: mlynn@lynnlaw.com

8